CLARK, Justice,
dissenting.
Iiln determining whether the plaintiffs petition stated a cause of action, the primary concerns are whether the City owed a duty to the plaintiff, and whether the risk and resulting harm were within the scope of protection afforded by the duty breached.
“Whether a duty is owed is a question of law. The inquiry is whether the plaintiff has any law — statutory, jurisprudential, or arising from general principles of fault — to support his claim.” Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606, 614. R.S. 26:86 states that “[t]he commissioner with respect to state permits arid municipal authorities and parish governing authorities with respect to local permits may withhold the issuance of permits in the manner and under the terms and conditions specified in this Chapter ...” According to statutory law, then, the City could deny the license only for reasons contained in Title 26, Chapter 1. The plaintiff alleged that the City had denied the application based on a local ordinance which was invalid, and not, therefore, a reason contained within Title 26, Chapter 1. Based on the allegations in the petition, then, it is clear that the City had a duty to MAW, at least, to timely issue the license.
Plaintiff also alleged, however, that the City should have issued the license based upon the grandfather clause contained in R.S. 26:81. The statute reads in 12pertinent part:
C. (1) When prohibited by municipal or parish ordinance, no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church or ... school ...
[[Image here]]
E. The prohibitions in this Section do not apply to any premises ... which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.
This statute speaks to the right of the premises owner to either maintain an existing liquor license on his property or to market his property to others as being eligible for locating a business requiring a liquor license, even after a local ordinance is passed which bars issuance of a liquor license to his property due to its proximity to a church or school. The undoubted purpose of the statute is to protect property owners from economic damages resulting from a local government re-zoning or passing an ordinance barring a liquor license at a location where one had previously been issued, and then refusing to issue a license based upon the ordinance or new zoning. Based upon this grandfather clause, the City had a duty to issue a liquor license to a qualified person or entity for conducting business on plaintiffs property. The City argues, and the majority evidently finds, that such a ruling would mean that the permit belonged solely to the premises, contrary to the “language and spirit” of Title 26. Nothing *224 could be further from the truth. No one espouses such a result, not the plaintiff, not the lower courts, and certainly not the dissenters.
Title 26 is a multifaceted scheme developed by the legislature to control the sale of alcoholic beverages. It regulates who may be licensed, where a licensee may operate his business, and, to some extent, what type of business may sell alcohol. The Title makes it clear that there are two aspects to liquor licensing: ^personal eligibility and premises eligibility. The qualifications for applicants are contained in R.S. 26:80. The limitations on the locations allowed liquor licenses are contained in R.S. 26:81.
According to the Title, then, an otherwise qualified individual may only be issued a liquor license if the premises is also eligible for a license. For instance, a qualified individual cannot obtain a new, non-grandfathered liquor license for a location next to a school, if there is a local ordinance restricting such licensing. Likewise, an unqualified individual cannot obtain a liquor license at any location, even one at which licensing is presently allowed.
As stated above, the limits on where a license may be granted are contained in R.S. 26:81, entitled “Location of business limited.” The statute reads in pertinent part:
A. No permit shall be granted under this Chapter in contravention of any municipal or parish ordinances adopted pursuant to the zoning laws of the state.
B. (1) No permit shall be issued by the commissioner or by any municipality or parish to authorize any business in any subdivision of the state where the business has been prohibited by referendum vote.
[[Image here]]
(3) Any premises licensed to deal in alcoholic beverages, upon proper application, shall be issued a permit ... The new permit shall be of the same class as the one for which the premises has a license.
C.(1) When prohibited by municipal or parish ordinance, no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church ...
[[Image here]]
E. The prohibitions in this Section do not apply to any premises ... which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.
The Louisiana Civil Code mandates that when a law is clear and unambiguous and the application of the law does not lead to absurd consequences, |4the law must be applied as written without any further interpretation of the intent of the legislature. La.Civ.Code art. 9. This law is clear and unambiguous, and it does not conflict with, but merely complements, all other statutes contained in Title 26. The “grandfather clause” simply exempts locations such as the location of the premises at issue, from the prohibitions contained in the statute, when liquor has been licensed on the premises for a period of one year or longer prior to the adoption of a local ordinance which would have barred the issuance of such a license.
Further evidence of the legislature’s scheme in licensing premises is contained in other statutes in Chapter 1. For instance, R.S. 26:76, which the majority states “clearly sets forth the personal nature of a permit,” as if the plaintiff and the lower courts did not agree, also refers to *225 “the licensed premises.” The statute reads in pertinent part:
A. The following shall apply to permits issued under this Chapter:
[[Image here]]
(4) When the location of a place of business is proposed to be changed, the proposal shall be received and must be approved by the issuing authority before such action is taken. The change of location shall be noted on the permit by the issuing authority and the permit shall be invalid unless the notation is made.
(5) The permit, in addition to any other permit required to be displayed, shall be posted in a conspicuous place on the licensed premises, so as to be easily seen and read by the public. No other signs or notices, except those required by state or federal law, shall be required to be displayed by the retail dealer.
* * *
R.S. 26:76 (emphasis added).
Likewise, the majority even recognizes that R.S. 26:77 requires an applicant “to publish a notice in the appropriate newspaper indicating T am applying for a permit to sell alcoholic beverages at retail at the following address:_The | ..¡majority fails to mention that R.S. 26.77 also refers to the “premises for which application is to be made,” and “the premises for which a permit was in effect.” The statute states in pertinent part:
[[Image here]]
E. Each notice of intent poster shall be posted conspicuously outside the premises for which application is to be made for no less than fifteen consecutive days prior to the filing of an application for a retailer’s permit for the premises. Such display of a notice of intent poster furnished by the office of alcohol and tobacco control shall serve as the only state official public notice required. However, if the application is for premises for which a permit was in effect within the previous six months, the notice of intent poster shall be posted upon the filing of the application and remain posted for at least fifteen days thereafter.
R.S. 26:77 (emphasis added).
Finally, of course, the grandfather clause, itself, speaks of “premises ... which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.” R.S. 26:81. Clearly, the legislature intended that liquor licenses be issued to persons or entities for doing business at a particular location, and the owners of locations which are grandfathered by the terms of R.S. 26:81 are entitled to have liquor licenses issued to qualified permi-tees for doing business at those locations.
The majority quotes with approval Judge Peters’ statement in dissent, “the change in nomenclature” from “persons” to “premises” is best explained by resort to the title of the statute. The majority ignores the fact that the change in nomenclature completely changes the meaning of the statute, and for no reason, as the statute is unambiguous as written. . The majority errs in its belief that the words “persons” and “premises” are interchangeable, or that the legislature mistakenly applied the grandfather clause to “premises” rather than “persons.”
Once the City’s duty to plaintiff under Title 26 to issue a liquor permit to [^plaintiffs lessee is established, the next step is to determine whether the harm alleged (and for the purposes of an exception of no cause of action, assumed to be true) falls within the scope of protection afforded by the duty breached.
*226 In examining the scope of duty in this case, this Court’s analysis in the PPG Industries case is instructive. , In denying PPG’s claim, this Court looked to policy reasons^ stating that “the rule of law which prohibits negligent damage to property does not necessarily require that a party who negligently causes injury to property must be held legally responsible to all persons for all damages flowing in a ‘but for’ sequence from the negligent conduct.” PPG, 447 So.2d at 1061. This Court further explained:
Rules of conduct are designed to protect some persons under some circumstances against some risks. Policy considerations determine the reach of the rule, and there must be an ease of association between the rule of conduct, the risk of injury, and the loss sought to be recovered. A judge, when determining whether the interest of the party seeking recovery of damages is one that falls within the intended protection of the rule of law whose violation gave rise to the damages, should consider the particular case in the terms of the moral, social and economic values involved, as well as with a view toward the ideal of justice.
PPG, 447 So.2d at 1061. In finding that the duty violated did not encompass the particular risk of injury sustained by PPG, this Court reasoned:
There is clearly an ease of association in the present case between the rule of law which imposes a duty not to negligently damage property belonging to another and the risk of injury sustained by [the gas company] because of the damage to its property. As noted, however, a rule of law is seldom intended to protect every person against every risk. It is much more difficult to associate the same rule of law, in terms of the moral, social and economic values involved, with the risk of injury and the economic loss sustained by the person whose only interest in the pipeline damaged by the tortfeasor’s negligence arose from a contract to purchase gas from the pipeline owner. It is highly unlikely that the moral, social and economic considerations underlying the imposition of a duty not to negligently injure property encompass the risk that a third party who has contracted with the owner of the injured property will thereby suffer an economic loss.
PPG, 447 So.2d at 1061.
|7As in PPG, there is a clear ease of association between the law which . required a permitting authority to issue a license to a qualified entity such as MAW Enterprises and the risk of injury sustained by MAW. The critical difference here, which the majority fails to recognize, is that the assessment should be of the ease of association between the law which requires the City to issue a license to a qualified applicant at plaintiffs premises, which is grandfathered under state law, and the risk of injury sustained by plaintiff as a result of the City’s failure to follow that law. What is present here, but not in PPG, is the existence of a statute, passed by the legislature as part of the regulatory scheme contained in Title 26, which protects the economic interests of property owners such as plaintiff from the actions of local government under the exact fact situation we have here, ie., the local government passes an ordinance which purports to restrict the issuance of a liquor license to a premises at which liquor licenses had been issued for over a year. This statute containing the grandfather clause clearly has anjease of association with plaintiff, and, likewise, its moral, social and economic considerations clearly encompass the imposition of the risk to plaintiff under these circumstances.
*227 Because plaintiff alleged a valid cause of action, the trial court did not err in denying the City’s exception of no cause of action, and the majority is wrong to decide otherwise.
I respectfully dissent.